No. 21,661.

CORA J. SWADER, *Appellant,* v. THE KANSAS FLOUR MILLS COMPANY and R. W. HOFFMAN, *Appellees.*

OPINION ON PETITION TO MODIFY FORMER OPINION.

SYLLABUS BY THE COURT.

COMPENSATION ACT—*Damages—Interpretation of Statute.* In section 5 of the workmen's compensation act, section 5899 of the General Statutes of 1915, authorizing an injured workman to take proceedings against the person causing his injury and also against his employer, but providing that the workman shall not be entitled to recover both damages and compensation, the word "recover" means to "get," "procure," "obtain," and the like, and the provision concerns itself with actual payment of money as damages or compensation and is not limited to the recovery of judgments upon which nothing may be realized.

Appeal from Dickinson district court; ROSWELL L. KING, judge. Opinion on petition to modify former opinion filed November 9, 1918. (For original opinion of reversal see ante, p. 378.)

*Lee Monroe, James A. McClure,* and *C. M. Monroe,* all of Topeka, for the appellant.

*G. W. Hurd, Arthur Hurd, Bruce C. Hurd,* all of Abilene, *T. A. Noftzger, George Gardner,* both of Wichita, and *George W. Cox,* of Chicago, Ill., for the appellees; *Samuel A. Harper,* of Chicago, Ill., of counsel.

The opinion of the court was delivered by

DAWSON, J.: The appellant, who prevailed in this court, directs our attention to a point urged in her brief which was not covered by our opinion. (*Swader v. Flour Mills Co.,* ante, p. 378.) She asked for an interpretation of the word "recover" in the text of section 5 of the compensation act, which reads—

"The workman may take proceedings against that person [the person causing the injury] to recover damages and against any person liable to pay compensation under this act for such compensation, but shall not be entitled to *recover* both damages and compensation." (Gen. Stat. 1915, § 5899.)

Appellant fears that in further proceedings in this case it may transpire that she might recover an uncollectible judgment "against the person causing the injury," and that under our original opinion she might be put to an election between a large uncollectible judgment against such person and the relatively small allowance made to her under the compensation act. No artificiality surrounds the word "recover" in this act. "Recover" here means "obtain," "procure," "get," and the like; to get damages or compensation; not a judgment, but the benefits of a judgment; it means payment. Neither an uncollectible judgment against the wrongdoer nor an unsuccessful attempt to realize thereon would bar plaintiff's right to compensation under the act. This must be the proper interpretation, for in making a law which it hoped to frame so simply that litigation under it would be reduced to a minimum, the legislature would hardly concern itself about how many uncollectible judgments a person might recover under the act, but it would wisely and justly provide that the injured party would only be entitled to receive payment from the wrongdoer or from the employer, and not from both.