PITTSBURGH, CINCINNATI, CHICAGO AND ST. LOUIS RAILROAD COMPANY *v.* PARKER.

[No. 23,528. Filed October 11, 1921. Rehearing denied March 29, 1922.]

1. MASTER AND SERVANT.— *Injuries to Servant.— Complaint.— Sufficiency.—Employment in Interstate Commerce.*—In an action for personal injuries, a complaint alleging that plaintiff was in the employment of a firm having a contract to do certain construction work for defendant railroad that while plaintiff was at work upon defendant's track and bridges he was injured, and that at the time of the injury both plaintiff and defendant were engaged in interstate commerce, *held* sufficient to state a cause of action on the theory that plaintiff was employed by defendant and was injured while both parties were engaged in interstate commerce. p. 688.

2. MASTER AND SERVANT.— *Injuries to Servant.— Workmen's Compensation Act.—Employe's Acceptance of Award.—Recovery from Third Person.*—Under §13 of the Workmen's Compensation Act (Acts 1915 p. 392, §8020l *et seq.* Burns' Supp. 1918), providing that when an injury for which compensation is payable shall have been sustained under circumstances creating in some other person than the employer a liability for damages, the injured employe may, at his option, either claim compensation or proceed at law against such person to recover

Pittsburgh, etc., R. Co. *v.* Parker—191 Ind. 686.

damages or proceed against both the employer and such other person, but he shall not recover from both, an injured employe who petitioned for the review of an award in his favor, and procured it to be fixed at a definite amount, payable in weekly installments, which he accepted for many months, surrendered any right he might have had to recover at common law from a third person, whose negligence caused his injuries, damages in excess of the compensation awarded. pp. 692, 696.

3. STATUTES.— *Construction.— Statutes Adopted from Foreign State.*—Where a statute, which has received a judicial construction in the jurisdiction in which it is in force, is enacted in this state, the legislature will be deemed to have adopted that construction, as well as the words of the statute. p. 695.

4. MASTER AND SERVANT.—*Injuries to Servant.—Federal Employers' Liability Act.— Liability of Interstate Carrier.—* In view of §1 of the federal Employers' Liability Act (35 Stat. at L. 65, §8657 *et seq.* U. S. Comp. Stat. 1916), providing that a railroad common carrier engaged in interstate commerce "shall be liable in damages to any person suffering injury while he is employed by such carrier in such commerce," an instruction in an action for personal injuries against an interstate carrier, that plaintiff might recover under such act, without reference to the necessity of finding that plaintiff was an employe of the company at the time of the injury, was erroneous. p. 697.

5. STATUTES.—*Construction.*—Where the meaning of a statute is plain, the courts must enforce it as it is written, and may not resort to an artificial construction to conform the law to what has been enacted in other states in wholly different language. p. 701.

From Marion Superior Court (106,721); *John J. Rochford,* Judge.

Action by James R. Parker against the Pittsburgh, Cincinnati, Chicago and St. Louis Railroad Company. From a judgment for plaintiff 'the defendant appeals. *Reversed.*

*Samuel O. Pickens, Charles W. Moores, R. F. Davidson* and *Owen Pickens,* for appellant.

*George W. Galvin* and *W. F. Elliott,* for appellee.

EWBANK, J.—The appellee was employed by the Dunn-McCarthy Company as a carpenter, building

forms for concrete bridges that were being constructed for the appellant railroad company in the new yards it was building in the eastern part of Indianapolis.

The complaint was filed June 12, 1917. Each paragraph alleged and there was evidence tending to prove that said Dunn-McCarthy Company had a contract with the appellant by which it undertook to do certain construction work on appellant's premises, and that it sent appellee and other workmen on said premises to do that work under some kind of supervision by inspectors in the employ of appellant. While he was so engaged, appellee was struck and injured on November 17, 1916, by an iron pipe that fell from a trestle, as a locomotive engine belonging to appellant, operated by one of appellant's engineers, was being run across the trestle. Appellee sued appellant and the Dunn-McCarthy Company and recovered a verdict of $20,000 damages against the appellant, on which judgment was rendered.

The errors assigned are overruling appellant's several demurrers to each paragraph of the complaint for the alleged reasons that neither stated facts sufficient, and that the court was without jurisdiction, and overruling its motion for a new trial, to each of which rulings appellant reserved an exception.

Each paragraph of the complaint alleged, in substance, that appellant was employed at the time of his injury by the Dunn-McCarthy Company, and that

1. said company was operating under the "Compensation Law" of Indiana, and that an award of 55 per cent. of appellee's wages for 200 weeks, as against the said employer, was made by the Industrial Board of the State of Indiana, and that said employer paid the award to the appellee, as the payments became due, up to the time this action was commenced. But the first paragraph alleged that appellant was operat-

ing an interstate railroad, and was repairing and rebuilding part of such railroad, and that the Dunn-McCarthy Company employed appellee to work thereon, and that he was "an employe at work upon the bridges and tracks of" appellant, and that both he and the appellant were engaged in interstate commerce at the time of the injury, and that appellant had rejected the compensation law of Indiana. And the appellee in asking instructions and the trial court in giving them construed this to mean that appellee was in the employ of appellant, and as such employe was engaged in interstate commerce. The language of the pleading is ambiguous, but there was no motion to make it more specific. Understood as alleging that appellee was in the employ of appellant, and that both appellee and appellant were engaged in interstate commerce at the time of the injury, the first paragraph of the complaint stated a cause of action for injuries inflicted by a railroad on one of its employes when both it and the employe were engaged in interstate commerce.

We cannot say that it will not bear that interpretation, and therefore no error was committed in overruling the demurrer to said first paragraph.

Accepting compensation from the Dunn-McCarthy Company is not shown by the allegations of this paragraph to have misled or affected the appellant in such a way as to create an estoppel in its favor that could release it from paying damages under the federal Employers' Liability Act, 35 Stat. at L. 65, §8657 *et seq.* U. S. Comp. Stat. 1916, if otherwise liable. Each of the second, third and fourth paragraphs of the complaint, in addition to the facts above recited as being contained in all the paragraphs, charged that appellee was employed by the Dunn-McCarthy Company, which had a contract with appellant to do certain work on ap-

VOL. 191—44

pellant's premises, and that while he was engaged in such work thereon appellant negligently injured him.

The fourth paragraph also alleged that by reason of the contract relations between appellant and the Dunn-McCarthy Company appellee was in the employ of appellant, and that appellant had refused "to take under such compensation act" of Indiana, but said nothing about being engaged in interstate commerce.

The second paragraph of the complaint also alleged that the Dunn-McCarthy Company voluntarily had paid appellee (plaintiff) $8.28 per week since his injury, and voluntarily had submitted itself to the jurisdiction of the Industrial Board, and voluntarily had permitted an order of said board to be made that payments at that rate should continue 200 weeks. The third paragraph alleged that since the accident the said company "over the protest of (appellee) has been and is now compensating" him "in the sum of $8.28 per week, being 55 per cent. of the wages earned by him before his injury, and such compensation is to continue for 200 weeks;" and the fourth paragraph alleged that appellant "tendered and paid to this plaintiff (appellee) the sum of $8.28 per week, as being 55 per cent. of his wages, and voluntarily went before said Industrial Board * * * and submitted to an order to pay plaintiff $8.28 per week for 200 weeks. The said plaintiff at all times refusing to accept said sum in release of his claim against said railroad company, and protesting such payment for such purpose. That said defendant railroad company * * * was at no time a party to any order made by the Industrial Board." Each paragraph alleged that the Dunn-McCarthy Company was claiming an interest in appellee's right of action by reason of the facts stated.

The appellee testified that something more than three weeks after he was injured he called upon a representative of the Dunn-McCarthy Company to see about the

55 per cent. of his wages, and a month later went to the Industrial Board, and afterward went back to attend a hearing before the board, when he signed an application for compensation, stating that his average earnings had been $18 per week, and demanding $9.90 per week; that he afterward signed a petition asking the Industrial Board to determine whether he could receive the $8.28 per week for 200 weeks and at the same time prosecute an action against the railroad company; and that the Dunn-McCarthy Company paid to him and he received from it $8.28 per week up to the time of the trial, in March, 1918, and intended to do so for the remainder of 200 weeks.

The record of proceedings before the Industrial Board, read in evidence, recited an agreement, signed by appellee and by the Dunn-McCarthy Company, that appellee should receive compensation at the rate of $8.28 per week, not exceeding 500 weeks, and the approval of such agreement by the Industrial Board, and a hearing on appellee's application three months later, and an award of $8.28 per week for 200 weeks. There was no evidence disputing that the amended award was made upon a hearing petitioned for by appellee, and that appellee had received $8.28 per week from December 1, 1916, up to the date of the trial, March 21, 1918.

The court gave a number of instructions, and refused to give others, properly requested, the exceptions to which present for decision the same question of law that is presented by the exceptions to the ruling on the demurrers to each of the second, third, and fourth paragraphs of complaint, towit: Under §13 of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 et seq. Burns' Supp. 1918) did the award by the Industrial Board, followed by the receipt and acceptance on the part of appellee of weekly payments made by the Dunn-McCarthy Company, pursuant to the award, for

a period of six months or longer, operate as a bar to appellee's alleged cause of action against the railroad company. That section reads (our italics) as follows: "Whenever an injury for which compensation is payable under this act shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employe may at his option either claim compensation or proceed at law against such other person to recover damages or proceed against both the employer and such other person, but *he shall not collect from both*: and if compensation is awarded under this act the employer *having paid the compensation or having become liable therefor, may collect* in his own name or that of the injured employe from the other person in whom legal liability for damages exists, the *indemnity paid* or payable to the injured employe." Acts 1915 p. 392, §13, *supra.*

The great weight of authority holds that under the provision, as recited, that the injured employe "shall not collect from both" the employer and a third

2.  person who caused his injury, and that an employer, "having paid the compensation or having become liable therefor may collect ⋅* ⋅ * ⋅ * the indemnity paid," an employe, who petitioned for the review of an award made in his favor, and procured it to be fixed at a definite amount, payable in weekly installments, and thereafter, for many months, accepted from his employer and receipted for the weekly payments as they beccame due, surrendered whatever right he might have had to recover at common law from a third person, whose negligence caused his injuries, damages in excess of the compensation awarded him. *Hagerstown* v. *Schreiner* (1920), 135 Md. 650, 109 Atl. 464; *Louis Bossert & Sons* v. *Piel Bros.* (1919), 182 N. Y. Supp. 620; *Barry* v. *Bay State Street R.* (1916), 222 Mass. 366,

110 N. W. 1031; *Turnquist* v. *Hannon* (1914), 219 Mass. 560, 107 N. E. 443; *Cripps's Case* (1914), 216 Mass. 586, 104 N. E. 565; *Labuff* v. *Worcester Consol. St. R. Co.* (1918), 231 Mass. 170, 120 N. E. 381; *Gray* v. *Brown & Sehler Co.* (1918), 200 Mich. 177, 166 N. W. 930; *McGarvey* v. *Independent O. & G. Co.* (1914), 156 Wis. 580, 146 N. W. 895; *Zilch* v. *Bomgardner* (1915), 91 Ohio 205, 110 N. E. 459; *Consolidated Arizona S. Co.* v. *Ujack* (1914), 15 Ariz. 382, 139 Pac. 465; *Swader* v. *Flour Mills Co.* (1918), 103 Kans. 703, 176 Pac. 143; *Peet* v. *Mills* (1913), 76 Wash. 437, 136 Pac. 685, L. R. A. 1916A 358; *Tong* v. *Great Northern R. Co.* (1902), 86 L. T. R. (N. S.) (Eng.) 802, 66 J. P. 677, 18 Times L. R. 566, 4 W. C. C. 40; *Woodcock* v. *London & N. W. R. Co.* (1913), 3 K. B. (Eng.) 139, 82 L. J. K. B. (N. S.) 921, 109 L. T. R. (N. S.) 253, 29 Times L. R. 566, 6 B. W. C. C. 471; 1 Honnold, Workmen's Compensation §41, p. 154, *et seq.*; 28 R. C. L. 833, 834, §§121, 122.

The English Workmen's Compensation Act, as first enacted in 1897, provided that: "Where the injury for which compensation is payable under this act caused under circumstances creating a legal liability in some person other than the employer to pay damages in respect thereof the workman may, at his option, proceed either at law against that person to recover damages or against his employer for compensation under this Act, but not against both, and if compensation be paid under this Act, the employer shall be entitled to be indemnified by the said other person." 60, 61 Victoria Ch. 37, §6; Dawbarn, Employers' Liability and Workmen's Compensation (4th ed.) 634. The statutes of Massachusetts, New York and Wisconsin, which were construed by the decisions cited above, contain substantially the same provisions as the foregoing act. Massachusetts Acts 1911 p. 1005, §15; Michigan Public Acts, Spec. Ses. 1912, No. 10, pt. 3, §15; New York Laws 1913,

Ch. 816, p. 2293, §29; Wisconsin Laws 1913, Ch. 599, p. 729, §2394; 2 Bradbury, Workmen's Compensation (2d ed.) pp. 1253, 1284, 1409, 1612.

But the amended English statute, passed in 1906, which was construed by the English decisions above cited, provides that under the circumstances stated in the original Act "the workman may take proceedings both against that (other) person to recover damages, and against any person liable to pay compensation under this Act for such compensation, but shall not be entitled to recover both damages and compensation; and if the workman has recovered compensation under this act the person by whom the compensation was paid * * * shall be entitled to be indemnified by the person so liable to pay damages as aforesaid." 6 Edw. VII, Ch. 58, §6; Dawbarn, Employers' Liability and Workmen's Compensation (4th ed.) 194, 408; 2 Bradbury, Workmen's Compensation (2d ed.) 1740. And the same language is copied into the Kansas Workmen's Compensation Act, construed by the decision cited above. §5899 Kansas Gen. Stat. 1915. The statutes of Arizona, Maryland and Ohio depart from the language of the English statute, but obviously are modeled upon it. Arizona Laws, Spec. Sess., 1912, Ch. 14, p. 25, §4; Maryland Laws 1914, Ch. 800, p. 1460, §57; Ohio Laws 1913 p. 84, §29.

Decisions of courts of other states, construing statutes which expressly provide that an injured workman may recover compensation from his employer, and may also have all the damages recovered from a third person who caused his injury, in excess of the amount required to reimburse the employer for the compensation paid, afford little aid in the construction of the Indiana statute, which provides that he "shall not collect from both" the employer and the third person, and

that the employer, "having paid the compensation or having become liable therefor, may collect  *  *  * from the other person  *  *  *  the indemnity paid." We cite them to emphasize the difference between the statutes construed by them and the one under consideration. *Gones* v. *Fisher* (1919), 286 Ill. 606, 122 N. E. 95; *Black* v. *Chicago G. W. R. Co.* (1919), (Iowa) 174 N. W. 774; *Podgorski* v. *Kerwin* (1919), 144 Minn. 313, 175 N. W. 694; *Mercer* v. *Ott* (1916), 78 W. Va. 629, 89 S. E. 952; *Jacowicz* v. *Delaware, etc., R. Co.* (1915), 87 N. J. Law 273, 92 Atl. 946. It seems to us obvious that the language of §13 of the Indiana Workmen's Compensation Act, *supra,* passed in 1915, which provides that "the injured employe may at his option either claim compensation or proceed at law against such other person to recover damages, or proceed against both  *  *  *  but he shall not collect from both  *  *  *  (and) the employer having paid the compensation  *  *  *  may collect  *  *  *  from the other person  *  *  *  the indemnity paid," was modeled directly upon the amended English statute, passed nine years before, which repeatedly had been given the construction outlined above before the Indiana act was passed. *Woodcock* v. *London & N. E. R. Co., supra; Gray* v. *North Britain R. Co.* (1914), 52 Scot. L. R. 144, 8 B. W. C. C. 373, L. R. A. 1916A 101. And the rule is well established that where a statute, which has already received a judicial construction in the jurisdiction in which it is in force, is enacted

3.  by the legislature of this state, the legislature will be deemed to have adopted the construction, as well as the words of the statute. *Bowman* v. *Conn.* (1856), 8 Ind. 58; *City of Laporte* v. *Gamewell, etc., Tel. Co.* (1896), 146 Ind. 466, 469, 45 N. E. 588, 35 L. R. A. 686, 58 Am. St. 359; *State* v. *Ensley* (1912), 177

Ind. 483, 490, 97 N. E. 113, Ann. Cas. 1914D 1306; *Armstrong, Admr.,* v. *State, ex rel.* (1918), 72 Ind. App. 303, 120 N. E. 717.

The meaning of the statute seems too plain to admit of any possible construction other than that when the injured workman goes so far as to "collect" from the employer under the Workmen's Compensation Law he is forbidden also to recover an additional amount in an action at law against a third person whose negligence caused his injury.

2.

Some cases were cited by appellee which held that the receipt of money from an employer under an agreement to reimburse him out of damages to be recovered from the wrongdoer did not bar an action against the latter, if it was not paid nor received as statutory compensation. *Wright* v. *Lindsay* (1911), 49 Scot. L. R. 210; *Mingo* v. *Rhode Island Co.* (1920), 42 R. I. 543, 103 Atl. 965. But they do not apply to the facts pleaded and proved in the case at bar.

Counsel for the appellee cite and rely upon the case of *Book* v. *City of Henderson* (1917), 176 Ky. 785, 197 S. W. 449. But the reasoning of the opinion in that case does not appeal to us, and it is opposed to the great weight of authority. To say, as the court did in that case, that "the proper construction of this limitation * * * that he shall not collect from both the employer and the negligent third party is, that to the extent that he collects from one he may not collect from the other," amounts to judicial legislation. And the court which made that decision recognized this fact by declaring the respective rights of the injured workman and his employer in an action brought by the workman after he has "collected" compensation, and how those rights shall be enforced, as to all of which the statute is silent.

The trial court erred in overruling the demurrer to

each of the second, third and fourth paragraphs of the complaint, for the reason that neither stated facts sufficient to constitute a cause of action, and also erred in its rulings upon instructions given and refused, bearing on the subject under consideration.

Since the cause may be retried, it seems advisable to consider certain other questions presented by the record and briefs.

There was evidence that at the time of the injury appellee was in the employ of the Dunn-McCarthy Company; that he was hired and set to work by the carpenter foreman of that company; that after he was injured he signed and swore to a statement that the name of his employer was the Dunn-McCarthy Company, and stated to members of the Industrial Board that he was in its employ; that he petitioned for an increase of the award of compensation from that company as its employe, and upon that petition was allotted payments of $8.28 per week for 200 weeks; that for seventeen months he had received and receipted for such weekly installments paid by said company as his employer.

The trial court gave to the jury an instruction numbered 5, in which, without suggesting the necessity of proof that the relation of master and servant existed between the appellee and appellant railroad company, in order that appellee might recover under the federal Employers' Liability Act, *supra*, it stated that the first paragraph of the complaint was drawn under that act, and that it alleged that plaintiff and defendant were engaged in interstate commerce at the time of the injury, and further told the jury that: "If you should so find that plaintiff and defendant railroad company were engaged in interstate commerce at the date of the accident, then I instruct you that the compensation law of the State of Indiana, and all matters appertaining to or growing out of it are not to

be considered by you in this cause, and the defendant
Dunn-McCarthy Company and its rights and privileges
are not to be considered by you in your verdict."

That the federal Employers' Liability Act, *supra,* does
not apply unless the appellee was in the employ of appel-
lant at the time of his injury is obvious. It merely pro-
vides that a railroad carrier engaged in interstate com-
merce "shall be liable in damages to any person
suffering injury while he is employed by such carrier
in such commerce" as therein provided. Act April 22,
1908, Ch. 149, §1, §8657 U. S. Comp. Stat. 1916.

And §19 of the Indiana Workmen's Compensation
Act, *supra,* only excepts from its provisions those cases
where injured "employes" are engaged in interstate or
foreign commerce, so that "the laws of the United
States provide for compensation or for liability for in-
jury or death by accident of such employes." Acts
1915 p. 392, *supra.*

That the appellee was an employe of the appellant
railroad company was one of the essential elements of
his alleged right to recover under the United States
statute, as being engaged in interstate commerce. Of
the three cases cited by appellee in support of this in-
struction, one states that the fact "that the plaintiff
received injury while in the employ of the defendants
is not controverted," and another states that "the de-
ceased was a common laborer in the boiler room of
appellants' plant." *Reed* v. *Dickinson* (1918), 184 Iowa
1363, 169 N. W. 673; *Guida* v. *Pennsylvania R. Co.*
(1918), 171 N. Y. Supp. 285.

But in the case at bar the appellant contends and
there is some evidence tending to show that appellee was
in the employ of an independent contractor.

The third decision cited (The Emilia S. De Pres, 248
Fed. 480) was made in a suit in admirality for damages
because of an injury to a stevedore while loading a ship,

to which the federal Employers' Liability Act, *supra,* that controls as between interstate railroads and their employes engaged in interstate commerce, has no application. *Southern Pacific Co.* v. *Jensen* (1917), 224 U. S. 205, 37 Sup. Ct. 524, 61 L. Ed. 1086, Ann. Cas. 1917E 900.

These cases do not hold that one who is not an employe can recover damages under the federal Employers' Liability Act, *supra,* for injuries sustained while engaged in interstate commerce, and do not support the instruction that the appellee might recover under his first paragraph without establishing that he was in the employ of appellant.

For failure to condition the quoted declaration of the law upon a finding by the jury that at the time of his injury the appellee was in the employ of appellant, or upon a finding of facts from which the law would imply the relation of master and servant, the instruction numbered 5 was erroneous.

As the case must be tried again we do not express an opinion as to the sufficiency of the evidence to sustain the verdict, when tested by the rules of law declared in this opinion, nor as to whether or not the damages were excessive.

The judgment is reversed, with directions to sustain the demurrer of appellant to each of the second, third and fourth paragraphs of appellee's complaint.

## On Petition for Rehearing.

Ewbank, C. J.—Each additional case cited by appellee in his petition for rehearing in support of the contention that he is entitled to receive compensation from his employer under the statute and also to recover at common law from the one whose negligence caused his injury, is based directly upon the fact that the statute under consideration in that case does not forbid a double

recovery. In *Vayto* v. *Terminal & R. Co.* (1915), 18 Ohio N. P. Rep. (N. S.) 305, the court said: "The English act of 1906 provides in express terms that an employe injured in the course of his employment, by a third person, 'shall not be entitled to recover both damage and compensation.' The Ohio statute places no such limitation upon the rights of the employe."

In *Newark Paving Co.* v. *Klotz* (1914), 85 N. J. Law 432, 91 Atl. 91, and 86 N. J. Law 690, 92 Atl. 1086, after holding that the acceptance of $800 in settlement of the common-law right of action against the negligent wrong-doer, and the execution of a release in its favor, did not bar the recovery of compensation under the New Jersey Act of 1911, the court said: "It is true this conclusion makes it possible for the employe to secure under the act of 1911 double compensation. This was probably not the intent of the legislature, though, as we think, the result of the language of the statute. The difficulty seems to be obviated by the amendment of 1913 (Pamph. L. pp. 312, 313)."

In *Lancaster* v. *Hunter* (1919), (Tex. Civ. App.) 217 S. W. 765, the court quoted a provision of the Texas Act of 1917, p. 285, that if compensation be claimed under the statute, then the association paying it might enforce, in the name of the injured employe, the liability of a third person legally liable for causing the injury, and recover damages "for the joint use of said employe or beneficiaries and the association * * * and in case the association recovers a sum greater than that paid or assumed by the association to the employe or his legal beneficiaries, together with a reasonable cost of enforcing such liability * * * the excess so recovered shall be paid to the injured employe or his beneficiaries," and the court said: "The act evidently contemplates that the injured employe is the real beneficiary in cases where the damages exceed, as may

often happen, the amount received by the employe from the indemnifying association. Numerous authorities might be cited to the effect that in equity the real beneficiary may always be permitted to sue where the party having the mere legal title or right fails or refuses."

None of these cases construed a statute expressly enacting that the injured employe "shall not collect from both" employer and third person. The court, in *Swader* v. *Flour Mills Co.* (1918), 103 Kan. 703, 176 Pac. 143, only held that an injured employe or his legal representative might obtain an award of compensation from the employer without affecting his right to recover a judgment for damages against a third person under a statute providing that "he shall not be entitled to recover both damages and compensation." The court said: "The plaintiff has not accepted the compensation provided for her and her children under the compensation proceedings * * * No artificiality surrounds the word 'recover' in this act. 'Recover' here means 'obtain,' 'procure,' 'get,' and the like; to get damages or compensation; not a judgment, but the benefits of a judgment; it means payment * * * the legislature would hardly concern itself about how many uncollectible judgments a person might recover under the act, but it would wisely and justly provide that the injured party would only be entitled to receive payment from the wrongdoer or from the employer, and not from both."

The Indiana statute expressly provides that the injured workman "shall not collect from both" (Acts 1915 p. 392, §13, *supra*). Where the meaning of a statute is plain the courts must enforce it as it is written, and may not resort to an artificial construction to conform the law to what has been enacted in other states in wholly different language.

The petition for a rehearing is overruled.