# ANDERSEN v. PACIFIC S. S. CO.

No. 1338.

Third Division.

April 13, 1931.

J. L. Reed, of Seward, and Donohoe & Dimond, of Valdez, for plaintiff.

Foster & Ellis, of Juneau, for defendant.

HILL, District Judge.

This action is brought by the plaintiff, as administratrix of the estate of her deceased husband, Herman Andersen, to recover damages for his death which she alleges was caused by the negligence of defendant corporation. Defendant has answered admitting the death of Herman Andersen, denying negligence, and making certain other appropriate denials and admissions.

As a further and separate defense, defendant alleges that, after commencing action therefor, plaintiff did receive from the Kadiak Fisheries Company, the employer of Herman Andersen at the time of his death, compensation for the death of said Herman Andersen under the terms of the Workmen's Compensation Act of Alaska (chapter 25, Session Laws 1929).

Plaintiff now attacks that further and separate answer by demurrer on the ground that it does not constitute a defense to plaintiff's complaint.

By its affirmative answer, defendant raises these questions: (1) Does acceptance from his employer of compensation for her husband's death bar plaintiff's right to

recover damages from a third party whose negligence caused her husband's death? (2) Does such acceptance of compensation prevent plaintiff from maintaining this action without joining her husband's employer who paid compensation to her? In other words, do the facts set up by defendant's answer constitute either a plea in bar or a plea in abatement. The answers to these questions hinge upon the meaning of sections 10 and 30 of Alaska's 1929 Compensation Act. Section 10 is as follows: "The right to compensation for an injury and the remedy therefor granted by this Act shall be in lieu of all rights and remedies as to such injury now existing either at common law or otherwise, and no rights or remedies, except those provided for by this Act, shall accrue to employees entitled to compensation under this Act while it is in effect; nor shall any right or remedy, except those provided for by this Act accrue to the personal or legal representative, dependents, beneficiaries under this Act, or next of kin of such employee."

I do not consider that section as depriving plaintiff of her right to sue for damages, except as between her and the Kadiak Fisheries Company, nor does it repeal by implication sections 1183 and 1185, C.L.A. In Meese v. Northern Pacific Ry. Co., 211 F. 254, the Circuit Court of Appeals of the Ninth Circuit considered the same questions presented here with relation to the Workmen's Compensation Act of the state of Washington. Although the Meese Case was reversed by the Supreme Court of the United States, 239 U.S. 614, 36 S.Ct. 223, 60 L.Ed. 467 (Justice McKenna dissenting), the reversal was solely because a construction placed upon the Washington statute by the Washington Supreme Court (Peet v. Mills, 76 Wash. 437, 136 P. 685, L.R.A.1916A, 358, Ann.Cas.1915D, 154) was not followed by the Circuit Court of Appeals. The reversal in no way detracted from the reasoning of the Circuit Court of Appeals as applied to the case at bar.

Section 30 is as follows: "Where the injury for which compensation is payable under this Act, was caused under circumstances creating a legal liability in someone other than the employer to pay damages in respect thereof, the employee may take proceedings against the one so liable to pay damages and against any one liable to pay compensation under this Act, but shall not be entitled to receive both damages and compensation. And if the employee has been paid compensation under this Act, the employer by whom the compensation was paid shall be entitled to indemnity from the person, firm or corporation so liable to pay damages as aforesaid and to the extent of such indemnity shall be subrogated to the rights of the employee to recover damages therefor."

Defendant vigorously urges that the true meaning of the section is to require plaintiff to elect between compensation and damages, and that, having elected to take and having received compensation, she is barred from an action for damages. In support of its contention, defendant cites Pittsburgh, C., C. & St. L. Ry. v. Parker, 191 Ind. 686, 132 N.E. 372, 134 N.E. 890, 19 A.L.R. 751, and cases from Massachusetts, Minnesota, Michigan, Maryland, New York, United States, and other jurisdictions. Each of the cited decisions, except Indiana, was based on a statute providing in terms either that the injured person may "at his option" (Massachusetts, Minnesota, Michigan, Maine) or that he may "either claim compensation or proceed at law" (Maryland) or that he shall "elect" (New York) whether he will claim compensation or proceed at law. The Indiana statute says he may both claim compensation and proceed at law, and our statute is to the same effect. Practically all the statutes have the provision that the workman may not "collect" or "recover" or "receive" both compensation and damages. No distinction in construction is based on a difference in the words "collect," "recover," and "receive." The provisions of many of the statutes vary as to the right of the employer who has paid compensation in the damages

recovered and in the right of action therefor. Some statutes say the employer shall be "indemnified" for the compensation he has paid; others that upon payment of compensation, the employer shall be "subrogated" to the employee's right to damages; others require the employee to "assign" to the employer his rights; and there is still another pattern of workmen's compensation statutes in which all employers subject to the act are required to contribute to a fund generally administered by a compensation commission from which all compensations are paid. The many decisions involving the questions raised in the case at bar turn largely on the particular provisions of the statute considered, and, even where the statutes are practically the same, the decisions are sometimes conflicting. Book v. City of Henderson, 176 Ky. 785, 197 S.W. 449, 451, and Pittsburgh, C., C. & St. L. R. Co. v. Parker, supra, are apt illustrations of differing constructions.

Section 30 says the injured employee "may take proceedings against the one so liable to pay damages and against any one liable to pay compensation." Two proceedings are there described and permitted to one plaintiff, the employee. So far, there is no suggestion of election between proceedings and no suggestion that proceedings shall be brought by any one but the employee. He may take one proceeding "and" the other—the language is too plain to admit doubt—"but," the section continues, "shall not be entitled to receive both damages and compensation." This is to prevent the employee from receiving double payment. Even if the clause under consideration ended the section, I should hesitate to say the receipt of compensation would ipso facto bar further proceedings to determine and collect damages. But the next sentence of the section precludes the idea that the damage action is barred when compensation is received, for it makes provision as to what shall happen in the damage suit if compensation has been paid by the employer. The employer "shall be entitled to indemnity" not from the plaintiff employee but from the "person * * *

liable to pay damages" and "to the extent of such indemnity shall be subrogated to the rights of the employee to recover damages." Certainly that sentence does not contemplate abatement of employee's damage suit upon payment of compensation; for the employer is not subrogated to the whole of the employee's right, nor is there a provision that he shall supersede the employee as plaintiff. He is subrogated to the right to "recover," and the word "recover" means "to get damages or compensation; not a judgment but the benefits of a judgment. It means payment." Swader v. Kansas Flour Mills Co., 103 Kan. 378, 703, 176 P. 143.

In the language of Chief Justice Duncan of the Illinois Supreme Court, Gones v. Fisher, 286 Ill. 606, 122 N.E. 95, 97, 19 A.L.R. 760, 761: "The law action * * * is continued and maintainable for the use of both employer and employee; for both are supposed to be, and are in fact, interested in the judgment."

I conclude that the receipt of compensation from Kadiak Fisheries Company did not bar plaintiff's damage action against defendant. Book v. City of Henderson, supra; Gones v. Fisher, supra; McArthur v. Dutee W. Flint Oil Co., 50 R.I. 226, 146 A. 484; Riddle v. Higley Motor Co., 122 Kan. 458, 252 P. 231.

■■ Upon payment of compensation to plaintiff, did Herman Andersen's employer, Kadiak Fisheries Company, become a necessary party to the damage action?

Construing the Kentucky statute, the Kentucky Court of Appeals, said: "By reason of the fact that the act gives to the employer the right to recover of a negligent third party the amount of indemnity he has paid the employee under the act, the employer is a necessary party to the action, which involves and should bind all parties upon the questions of defendant's negligence and the damages sustained by the plaintiff." Book v. City of Henderson, supra.

I consider the Kadiak Fisheries Company surely a proper party and I think a necessary party to this action.

Section 872, C.L.A., is as follows: "The court may determine any controversy between parties before it when it can be done without prejudice to the rights of others, or by saving their rights; but when a complete determination of the controversy can not be had without the presence of other parties, the court shall cause them to be brought in."

This provision of the statute is mandatory. Mitau v. Roddan, 149 Cal. 1, 84 P. 145, 6 L.R.A.(N.S.) 275.

Since the defendant may set up by answer facts showing a defect in parties which does not appear in the complaint, the demurrer to defendant's affirmative answer is overruled, and plaintiff is directed to make Kadiak Fisheries Company a party under the provisions of section 871, C.L.A.