82

**Reuben H. RANSOM, Plaintiff,**

v.

**Vic HANER, Marion Keyes, and Does I to
V, Defendants.**

No. 7966–A.

District Court, Alaska
First Division, Juneau.

June 18, 1959.

P. M. Barceloux, R. M. Watt, and
Jordan N. Peckham (of Goldstein, Bar-
celoux & Goldstein), Chico, Cal., and
Thomas B. Stewart, Juneau, Alaska, for
plaintiff.

Robert Boochever (of Faulkner, Ban-
field & Boochever), Juneau, Alaska, for
defendants.

KELLY, District Judge.

This matter is before this court on a
motion to dismiss the action for the rea-
son that the complaint fails to state a
claim upon which relief can be granted,
and for the further reason that plain-
tiff's exclusive remedy lies under the
provisions of the Workmen's Compensa-
tion Act.

The complaint filed herein alleges that
the plaintiff was employed by the Ketch-
ikan Pulp Company and the American
Viscose Company to work as a machin-
ist's helper. The defendant Vic Haner
is the general superintendent and the
defendant Marion Keyes is the assistant
superintendent and foreman for the same
companies. The complaint alleges that
these defendants were negligent in di-
recting plaintiff to assist in manually
stacking steel shafts and that as a proxi-
mate result of said negligence the plain-
tiff suffered an injury to his lower back,

[redacted]

to his damage in the sum of $100,000.

Plaintiff's injury arose out of and in the course of his employment. The plaintiff had previously filed an application before the Alaska Industrial Board under the Alaska Workmen's Compensation Act which matter came on regularly for hearing on February 20, 1959. The Board heard testimony and arguments of counsel and from these and the files and records in the matter made the following Findings of Fact and Award:

> "Findings of Fact
>
> "Applicant Reuben Howard Ransom, a 28 year old married man with three children, was employed by Ketchikan Pulp Company as a machinist's helper. While so employed on July 10, 1957 he suffered a back injury. He was treated by Drs. A. W. Wilson, Ketchikan, Alaska, Philip H. Moore, Sitka, Alaska, Ivan McLaughlin, Marvin L. Chernow, and Hoyt Kirkpatrick, Fort Smith, Arkansas. As a result of the accidental injury applicant has been continuously disabled since date of accidental injury and has required intermittent medical care and hospitalization. Temporary total disability compensation was paid for the period July 13 to September 23, 1957 in the amount of $749.-00.
>
> "Award
>
> "Applicant is awarded temporary total disability compensation at 65% of his average daily wage from September 23, 1957 and continuing medical treatment.
>
> "/s/ Henry A. Benson"

Upon these Findings of Fact the applicant was awarded temporary total disability compensation at 65% of his average daily wage from September 23, 1957 and continuing medical treatment.

The Alaska Workmen's Compensation Act specifies in Section 43-3-10, A.C.L. A.1949:

> "The right to compensation for an injury and the remedy therefor granted by this Act shall be in lieu of all rights and remedies as to such injury now existing either at common law or otherwise, and no rights or remedies, except those provided for by this Act, shall accrue to employees entitled to compensation under this Act while it is in effect; * * *"

This same Act provides in Section 43-3-30:

> "Where the injury for which compensation is payable hereunder was caused under circumstances creating a legal liability in someone other than the employer to pay damages in respect thereof, the employee may take proceedings against the one so liable to pay damages and against any one liable to pay compensation under this Act, but shall not be entitled to receive both damages and compensation. And if the employee has been paid compensation under this Act, the employer by whom the compensation was paid shall be entitled to indemnity from the person, firm or corporation so liable to pay damages as aforesaid and to the extent of such indemnity shall be subrogated to the rights of the employee to recover damages therefor."

The Court heard the oral arguments on the motion to dismiss and reserved decision on the claim that plaintiff's exclusive remedy lay under the provision of the Workmen's Compensation Act. The Court found that the allegations of negligence in the complaint did not sufficiently state a claim upon which relief could be granted, and allowed twenty days for an amended complaint to be filed to cure this defect, otherwise complaint would be dismissed.

It is well known that our courts have long been quite liberal in applying the fellow servant rule and have generally held supervisory employees or even non-supervisory employees temporarily in charge of even a minor operation to be representatives of the employer and therefore not fellow employees whose negligence would exempt the employer

from liability in an action for damages due to such employees' negligent injury of a co-employee.

We are here faced with the question of whether a supervisory employee such as a superintendent (Haner) or an assistant superintendent and foreman (Keyes) of an employer which had paid compensation to the plaintiff under the Workmen's Compensation Act, would be "someone other than the employer" so as to permit action for damages against them individually for their alleged negligence in causing the injury to such employee.

It has been settled in Alaska that an employee or some one claiming through the employee (such as an administratrix of the employee's estate) who receives compensation under the Workmen's Compensation Act can still recover damages against a third person, whose negligence caused the injury, under the Alaska statute which provides that an employee may proceed against one liable for damages and against any one liable for compensation, but shall not be entitled to receive both damages and compensation. Andersen v. Pacific S. S. Co., 8 Alaska 291.

It was further held in the same case that the employer paying compensation shall be subrogated to the employee's right to recover damages and to the extent of the compensation paid becomes a necessary party to be joined in an action for damages by employee or one claiming under him against a third party whose negligence caused the injury.

■ The provision of the Alaska Workmen's Compensation Act, Sec. 43–3–10 A.C.L.A.1949, which states:

"* * * The right to compensation for an injury and the remedy therefor granted by this Act shall be in lieu of all rights and remedies as to such injury now existing either at common law or otherwise * * *"

prohibits any employee who has collected compensation from suing his employer at common law for damages from the same accident. Andersen v. Pacific S. S. Co.,

supra; Dierks v. Alaska Air Transport, D.C., 109 F.Supp. 695, 14 Alaska 159.

■ Sec. 43–3–30 of the Alaska Workmen's Compensation Act provides that when the injury for which compensation is payable under the Act "was caused under circumstances creating a legal liability in *someone other than the employer* to pay damages in respect thereof, the employee may take proceedings against the one so liable to pay damages *and* against anyone liable to pay compensation under this Act, *but shall not be entitled to receive both damages and compensation.*" (Emphasis supplied.) This has been held to mean that the injured employee may take both proceedings but that he may not receive double payment. The employer shall be entitled to indemnity from the party liable to pay damages and to the extent of the amount paid in compensation by the employer shall be subrogated to the rights of the employee to recover damages. In other words, if the employee recovers more damages from the third party than he has received or is entitled to receive as compensation, the employer shall recover the amount paid in compensation and the balance of the judgment shall go to the employee, but the third party pays in full. Andersen v. Pacific S. S. Co., supra; Dierks v. Alaska Air Transport, supra.

■ It can therefore be seen that under the Alaska statute an employee may recover compensation for an injury sustained in the course of and arising out of his employment and may also sue a third party causing the injury, but the employer would be subrogated in the event of the recovery by the employee against the third party to the amount of compensation the employer had paid and for that purpose would become a necessary party in the action for damages against the third party. If the damages recovered from the third party amounted to more than the compensation paid, the employer would recover the amount of compensation paid and the employee would recover any damages awarded in addition thereto against the third party.

The employer should be joined in this action as a necessary party for this purpose.

This now brings us to the real question here involved and which appears to be one of first impression in this jurisdiction. The question may be stated as follows: May an employee who has recovered compensation under the provisions of the Alaska Workmen's Compensation Act sue a supervisory employee for alleged negligence causing an injury arising out of and in the course of employment? In other words, would the supervisory employee be a third party, that is, "someone other than the employer" as set forth in Sec. 43–3–30, supra?

As has been pointed out in defendant's brief, the authorities on the question of whether a fellow employee may be regarded as a third person, subject to a damage suit, are not in harmony and some of the earlier cases in this regard have been reversed or overruled. The Ohio case of Landrum v. Middaugh, 1927, 117 Ohio St. 608, 160 N.E. 691 was distinguished in Morrow v. Hume, 131 Ohio St. 319, 3 N.E.2d 39, and has been overruled by implication in the majority opinion and expressly in the concurring opinion of Ellis v. Garwood, 1958, 168 Ohio St. 241, 152 N.E.2d 100. The West Virginia case of Hinkelman v. Wheeling Steel Corporation, 1933, 114 W.Va. 269, 171 S.E. 538 has been overruled by Makarenko v. Scott, 1949, 132 W.Va. 430, 55 S.E.2d 88.

Great stress has been laid in the decisions upon the wording of the statute in the particular state where the question arose. It can be seen that many of the decisions cited in support of defendants' motion result from the difference in phraseology of the statutes.

In the following cases where an injured employee was subject to workmen's compensation coverage, suits against fellow employees by an injured workman were precluded under statutory language which provided that a workman may maintain a negligence action only against:

a "third person not in the same employ," Kowcun v. Bybee, 1947, 182 Or. 271, 186 P.2d 790, 795;

"some person other than the insured," Bresnahan v. Barre, 1934, 286 Mass. 593, 190 N.E. 815, 816;

"any person other than the employer" or "those conducting his business," Warner v. Leder, 1952, 234 N.C. 727, 69 S.E.2d 6, 9;

"some person other than the employer," Majors v. Moneymaker, 1954, 196 Tenn. 698, 270 S.W.2d 328, 331;

a "third person," White v. Ponozzo Bros., 1955, 77 Idaho 276, 291 P.2d 843.

In Hayes v. Marshall Field & Co., 1953, 351 Ill.App. 329, 115 N.E.2d 99, 102, an employee was denied a right of action against a fellow employee due to statutory language, S.H.A. ch. 48, § 138.5, which provided that "no common law * * * right * * * shall be available to any employee who is covered by the provisions of this Act."

Under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C.A. § 933, "some person other than the employer" was held not to include an employee so as to permit a suit against him for his negligence in injuring a fellow employee where the injured employee was subject to provisions of the act. Ginnis v. Southerland, 1957, 50 Wash.2d 557, 313 P.2d 675, 676.

Suits against fellow employees by an injured workman have been permitted, although the injured workman was covered by provisions of the Workmen's Compensation Act, where the statute provided common law actions may be maintained against:

a "third person," Churchill v. Stephens, 1917, 91 N.J.L. 195, 102 A. 657; Schumacher v. Leslie, 1950, 360 Mo. 1238, 232 S.W.2d 913; and 146 A. 130;

"some person other than the employer," Webster v. Stewart, 1920, 210 Mich. 13, 177 N.W. 230, 231; Zimmer v. Casey, 1929, 296 Pa. 529,

86

"third party," McGonigle v. Gryphan, 1930, 201 Wis. 269, 229 N.W. 81;

"third party tort feasor," Frantz v. McBee Company, Fla.1955, 77 So.2d 796, 797.

In Ellis v. Garwood, supra, and in Makarenko v. Scott, supra, the Workmen's Compensation Act was apparently silent as to an injured employee's rights against a third person, and suits against fellow employees were held not to be precluded by any language of the act.

An analysis of the decided cases involving the point of law here involved indicates that the defense invoked by the defendant has been accepted only in a minority of jurisdictions. It is the favored rule that where a Workmen's Compensation Act does not *expressly exempt* a co-employee from suit at common law, he can be considered a "third party" and held answerable for his negligence to his fellow employee, even though the injured employee is entitled to compensation from the common employer. See Churchill v. Stephens, supra (N.J. 1917—foreman or superintendent); Webster v. Stewart, supra (Mich.1920— vice president and director); Zimmer v. Casey, supra (Pa.1929—co-employee); McGonigle v. Gryphan, supra (Wis.1930 —co-employee); Makarenko v. Scott, supra (W.Va.1949—physician and agent); Schumacher v. Leslie, supra (Mo.1950— physician, also held foreman considered third person); Frantz v. McBee Company, supra (Fla.1955—co-employee); Ellis v. Garwood, supra (Ohio 1958—Engineer section head—supervisor).

See also Martin v. Theockary, 5 Cir., 1955, 220 F.2d 900 wherein it was indicated that if the Circuit Court were faced with the problem of deciding in the first instance if a co-employee could be considered a third party in the absence of any express statutory exemption, it would decide in the affirmative.

The case of Frantz v. McBee Company, supra [77 So.2d 798], has presented a thorough discussion of the many deci-

sions on the question involved, and it was stated in that opinion that:

"Counsel for the appellee Finley has cited no case, and our independent research has revealed none, in which it has been held, in the absence of a specific statutory provision similar to those quoted above, that a Workmen's Compensation Act has abrogated the common-law rule of liability for negligence of an employee to his co-employee, except in Massachusetts."

One additional case may be held to lend a measure of support to defendant's contention. In Ginnis v. Southerland, 1957, supra [50 Wash.2d 557, 313 P.2d 676], plaintiffs initiated an action against their fellow employee for his negligence in causing their injury. Both defendant and plaintiffs were in the common employ of one employer, and both parties were subject to provisions of the Longshoremen's and Harbor Workers' Compensation Act. It was held that:

"We will assume, without deciding, that appellants have common-law actions against the master. Our question then becomes: Is the master *some person other than the employer* and, therefore, excluded from the immunity his employer enjoys under 33 U.S.C.A. § 905?

"The privity between principal and agent is expressed in the ancient maxim qui facit per alium facit per se. Therefore, the master's (defendant's) negligent act was the act of the Grace Lines, Inc., and appellants were not injured by the act of some person other than the employer. It follows that the appellants cannot maintain their actions against the master because he is the agent of their employer, the Grace Lines, Inc., and is included in its immunity from liability."

This decision does not find support in most jurisdictions.

According to the weight of authority, the defendant here must be held ame-

nable to a suit for damage due to his negligence by his fellow employee, since the Alaska statute does not expressly exempt the defendant from an action in negligence.

In the absence of clear language in the statute removing the right of action against a fellow employee for his negligence it would appear that any co-employee, whether in a supervisory capacity or otherwise, would be a third party and "someone other than the employer" against whom action for damages could be maintained. The Alaska statute does not contain any language denying the right to such action, but on the contrary clearly permits such procedure by the express provisions of Sec. 43–3–30, supra.

The motion to dismiss will be denied. Order will be entered accordingly.