## ABBOTT ET AL. *v.* APPLETON.

[No. 12,882. Filed December 14, 1927.]

1. EXECUTORS AND ADMINISTRATORS.—*On appeal from ruling on demurrer to objections to appointment of administrator, truth of facts stated in objections admitted by demurrer.*—On appeal from a ruling on a demurrer to objections to the appointment of a certain person as administrator with the will annexed, the truth of the facts stated in the objections is admitted by the demurrer. p. 612.

2. EXECUTORS AND ADMINISTRATORS.—*Preference in appointment of executor or administrator with will annexed.*—Under the provisions of §§3061, 3063 and 3065 Burns 1926, the person or persons named in a will as executors should be appointed if willing to accept and, if not, then a competent residuary legatee, if willing to accept, and, if not, then a competent specific

legatee, should be given preference, in the order named, in the appointment of an administrator with the will annexed. p. 613.

3. EXECUTORS AND ADMINISTRATORS.—*When administrator with will annexed may be appointed and preference in such appointment.*—The appointment of an administrator with the will annexed is limited to cases where none of the persons named in the will as executors is willing to act and the appointment of a person other than the legatees is authorized only when none of them is competent and willing to accept the appointment (§3065 Burns 1926). p. 613.

4. EXECUTORS AND ADMINISTRATORS.—*Duty of clerk in appointing administrator with the will annexed from others than legatees.*—When the person named in a will as executor has failed to qualify, before appointing a person other than a legatee as administrator with the will annexed, the clerk should be informed or ascertain that none of the legatees is competent and willing to act. p. 613.

5. EXECUTORS AND ADMINISTRATORS.—*Section 3067 Burns 1926 not applicable to appointment of administrator with will annexed.*—Section 3067 Burns 1926, which fixes the order of preference among the relatives and creditors of an intestate as to appointment as administrator, is not applicable to the appointment of an administrator with the will annexed when the person or persons named in the will as executor or executors fail to qualify. p. 614.

6. EXECUTORS AND ADMINISTRATORS.—*Legatees should be given reasonable time and opportunity for appointment as administrator with will annexed before appointment of stranger.*—Under the provisions of §3065 Burns 1926, when the person named in the will as executor fails to qualify, the legatees should be given reasonable time and opportunity, after the expiration of the time limit for the executor to qualify, to be appointed administrator with the will annexed before a stranger should be appointed. p. 614.

7. EXECUTORS AND ADMINISTRATORS.—*Necessary statement in stranger's application for appointment as administrator with will annexed.*—A stranger making application for letters of administration with the will annexed, as authorized by §3065 Burns 1926, should state in his application that no legatee is competent and willing to accept the trust. p. 614.

8. EXECUTORS AND ADMINISTRATORS.—*Testate estates should be administered under directions of the will.*—When there is a will, an estate should be administered and settled under the directions and obligations thereof, and by one whose duty and oath require him to follow the will. p. 615.

9. EXECUTORS AND ADMINISTRATORS.—*Duties of administrator with will annexed same as executor's, and he is not allowed to set up adverse interest.*—The duties of an administrator with will annexed are the same as those of an executor, including the duty to defend the will, and, having accepted the trust, he is required to carry out its provisions, and is not allowed to set up an adverse interest.   p. 615.

10. EXECUTORS AND ADMINISTRATORS.—*Attack on will by administrator with will annexed not compatible with his duties.*— An attack on the validity of a will by an executor or administrator with the will annexed is not compatible with his duties to carry out its provisions and defend it.   p. 615.

11. EXECUTORS AND ADMINISTRATORS.—The policy of the law is to give the administration of a decedent's estate to the person most interested in the estate.   p. 615.

12. EXECUTORS AND ADMINISTRATORS.—*Renunciation of trust by executor failing to qualify.*—Under the provision of §3063 Burns 1926, any person named in a will as executor who fails to qualify within twenty days after the probate of the will is deemed to have renounced such appointment.   p. 616.

13. EXECUTORS AND ADMINISTRATORS.—*Application for appointment as administrator with will annexed cannot be considered on appeal in determining validity of appointment of another over applicants' objections.*—An application by residuary legatees to be appointed administrator with the will annexed under §3065 Burns 1926, although made by the same parties as were objecting to the confirmation of the clerk's appointment of another, not being a part of the objections, cannot be considered on appeal in determining the validity of the confirmation of such appointment over such objections.   p. 617.

14. EXECUTORS AND ADMINISTRATORS.—*Application for appointment as administrator with will annexed without notice held fraud on persons named as executors who had settled estate without administration.*—Where an applicant for appointment as administrator with the will annexed had acquiesced in the settlement of the testator's estate without administration by the two persons named in the will as executors and had thereby induced them to delay taking out letters until after the date fixed by law for their qualification, it was a fraud upon them for him to undertake to deprive them of their rights without notice, and an order confirming the clerk's appointment of such applicant will be reversed.   p. 618.

From Franklin Circuit Court; *Cecil C. Tague,* Judge.

Perry Appleton was appointed by the clerk of the court as administrator with the will annexed of the estate of Joseph Abbott, deceased, and before the confirmation of the appointment by the court, objections to such confirmation were filed by Clarence W. Abbott and others, residuary legatees. From the order confirming the appointment, said Abbott and others appeal. *Reversed.* By the court in banc.

*Roscoe C. O'Byrne,* for appellants.
*M. P. Hubbard,* for appellee.

McMAHAN, J.—Joseph Abbott died testate in Franklin county, February 21, 1925. His will, which was admitted to probate March 2, 1925, bequeathed $1,000 to each of five grandchildren. The residue of his estate was devised and bequeathed to his four children, Clarence W. Abbott, John E. Abbott, Ellis S. Abbott and Retta Stinger, said Clarence W. and John E. being named in such will as joint executors.

On November 13, 1925, Perry Appleton, hereafter designated as "appellee," filed an application in vacation with the clerk of the Franklin Circuit Court, asking that he be appointed administrator with the will annexed of·estate of said decedent. The clerk issued letters in accordance with such application and, on November 16, 1925, that being the first day of the next term of court, reported his action to the court for approval. None of the residuary legatees learned of this appointment until in the evening of November 16. As soon as Clarence W. Abbott learned of the action of the clerk, he filed his application for letters in case the appointment should not be confirmed, and, on November 18, the four residuary legatees filed their verified written objections to the confirmation of appellee. Demurrers having been sustained to these objections, other and additional objections were filed, to which a de-

murrer was also sustained and the appointment of appellee confirmed; hence this appeal. The objections so filed, after setting out the facts as above stated concerning the death of the testator, the probating of his will and the appointment of appellee as administrator with the will annexed, alleges that said administrator is the father of three of the grandchildren of the testator, each of whom, by the terms of the will, was given $1,000; that said three legatees were the only ones dissatisfied with the testator's will, and the only ones entitled to contest the same, it being alleged that the other two specific legatees had received the amount of their legacies from the residuary legatees; that the residuary legatees, following the probating of the will, had, as between themselves, entered into a written agreement for a settlement of the estate by Clarence W. and John E. Abbott as agents of the residuary legatees without administration, and in accordance with that agreement, said agents had paid $1,000 to each of the specific legatees other than the children of appellee, and had made partial distribution of the estate among the residuary legatees; that all of the legatees named in the will and appellee were notified of the agreement and were invited to make objections to such manner of settlement if they desired; that no objections were made to such plan; that all of the specific legatees and appellee since that time negotiated with the said sons who were named in the will as executors in connection with the settlement of the estate; that some of the personal property had been sold by the residuary legatees, items of indebtedness, including funeral expenses, medical bill, cost of monument and other general claims against the testator had been paid by the residuary legatees, acting through said Clarence and John, who undertook, as agents of the other residuary legatees, to settle the estate without letters of administration, all of which acts were done

with the knowledge of all of the legatees and devisees and without any objection from any of them; that said agents had set apart and were holding intact an amount sufficient to pay the three children of appellee the amount of their legacies. It also appears that the three children of appellee are not satisfied with the will of their grandfather and are threatening to contest the same, and that appellee has given active support to his children in their opposition to the terms of such will. The attention of the court was also called to the fact that under the law it was the duty of an administrator of an estate with a will annexed to defend any action to contest the will of his decedent, and that, because of the interest of the administrator so appointed by the clerk in assisting his children in contesting the will, he was not a proper person to act as administrator of the estate. It is also alleged that neither of the persons designated by the testator as executors had waived or abandoned his right to act as executor except by his act in refraining from being appointed in accordance with the agreement of the residuary legatees, which was done with the knowledge and without objection by any one interested in the estate. Appellee is not a creditor, heir or devisee of the testator and is not interested in said estate except as father of three of the specific legatees. It is also alleged that appellee, without consultation with any of the residuary legatees, and without notice to them, and without the knowledge or consent of such legatees, procured his appointment by the clerk.

For the purpose of this appeal, the demurrer admits the truth of all the material facts stated in the objections. Section 3061 Burns 1926, Acts 1881 (Spec. Sess.) p. 423, §6, provides that: "Whenever any will shall have been duly admitted to probate, the clerk of the circuit court in which the same

shall have been probated shall issue letters testamentary
thereon to the person or persons named as executors
who are competent by law to serve as such, and who
shall appear and qualify." Section 3063 Burns 1926,
being §8 of the above mentioned act of 1881, provides
that: "Any person who is appointed executor, who
shall renounce his trust in writing filed with the clerk,
or who shall fail to qualify and give bond within twenty
days after probate of such will, shall be deemed to have
renounced such appointment, and such letters shall issue
to any other person named in the will capable and will-
ing to accept such trust." Section 10 of that act, §3065
Burns 1926, reads as follows: "If there be no person
named in the will as executor, or if those named therein
have failed to qualify, have renounced, or have been
removed, letters of administration with the will an-
nexed shall be granted by the proper clerk or court to
any competent residuary legatee named in such will
willing to accept, or if there be none willing to accept,
then to a competent specific legatee, or if there be none
such willing to accept, then to any competent person,
under the same regulations as in granting letters of ad-
ministration in the case of intestacy."

A reading of these sections clearly indicates the legis-
lative intention that those named in the will by the
testator as executors, and residuary or specific
2-4. legatees should be given preference in the order
named when it comes to the appointment of an
executor or administrator with the will annexed. The
appointment of a person other than one of the persons
named in the will as executor or legatee is limited to
cases where none of the legatees is competent or willing
to act. A mere reading of the above sections of the
statute ought to be sufficient to indicate to the clerk
that, when the person named in the will as executor has
failed to qualify, has renounced, or has been removed,

he, before appointing a person other than a residuary or specific legatee, should be informed or ascertain that none of the named legatees is competent or willing to accept the appointment.

Appellee calls attention to §3067 Burns 1926, Acts 1901 p. 281, relating to the appointment of an administrator for the estate of an intestate and which 5. provides that letters of administration shall be granted in the following order: (1) To widow or widower; (2) to next of kin; (3) to largest creditor applying and residing in the state; and (4) if no person thus entitled to administer shall apply within twenty days after the death of the intestate, the clerk shall appoint a competent inhabitant of the county.

It is appellee's contention that this section applies to the appointment of an administrator with the will annexed and that, upon the failure of any one named in the will as executor, or as legatee to qualify, the clerk "shall appoint a competent inhabitant of the county." The statute relating to the appointment of an administrator provides that if no one named therein as being entitled to administer "apply within twenty days" after the death of the intestate, the clerk shall then appoint a competent inhabitant of the county. The statute relating to the appointment of an administrator with the will annexed authorizes the appointment of a "competent person" when neither a competent residuary nor a competent specific legatee is "willing to accept." Here it is the incompetence or the unwillingness of any legatee to accept that gives the clerk authority to appoint some other person when the executor named in the will fails to qualify.

Legatees should at least be given a reasonable time and a reasonable opportunity after the expira6, 7. tion of the time allowed the executor named in the will to qualify, before a stranger should be ap-

pointed. And it is our judgment that the person applying for letters of administration with the will annexed should in his application state that no legatee is competent and willing to accept the trust. If it be conceded that the clerk was under no obligation to require a showing that none of the legatees named in the will was competent and willing to accept the appointment before he appointed a stranger, it does not follow that the court should have confirmed the appointment made by the clerk in the instant case, or that the judgment must be affirmed.

When there is a will, the estate should be settled and administered under the direction and obligations of the will, and by one whose duty and oath require him to follow the will. The duties of an administrator with the will annexed toward the will are the same as those of an executor. Accepting the trust, it becomes his duty to defend the will, to carry out its provisions; and he is not allowed to set up an adverse interest. An attack upon a will by an executor or by an administrator with the will annexed would not be compatible with his duties. The policy of the law is to give administration to the person most interested in the estate. As was said by this court in *Cooper* v. *Cooper* (1908), 43 Ind. App. 620: "The paramount object and purpose of our statute, and of all statutes, in fixing the order of preference in which letters of administration shall be granted, is to secure to those having a beneficial interest in the property to be administered upon the right to administer. It is to be supposed that those who will reap the benefit of a wise, speedy and economical administration of the estate, or, on the other hand, suffer the consequence of waste, improvidence or mismanagement, have the highest interest and most influential motive to administer the property correctly. The right to administer follows the right to the personal

property." As was said in *Georgetown College* v. *Browne* (1871), 34 Md. 450, 459: "The appointment and the rights of administrators are regulated by law. There must be some sufficient reason in designating the particular parties in their order to whom the administration of the estate is committed; and the first reason why the custodiary is thus distinctly designated, is to prevent litigation about the possession." To the same effect, see *Dalrymple, Admr.,* v. *Gamble* (1886), 66 Md. 298, 305, where the court said: "But the whole policy of our testamentary system is to commit administration to the hands of those most interested in the property." The statute contemplates that the person to be appointed shall be not only competent to perform the duty, but also suitable in view of his situation or relation to the estate. *Emsley* v. *Young* (1895), 19 R. I. 65. Where no executor was named in the will, it was held that the oral preferences of the person making the will were entitled to great weight in making the selection, other things being equal. *Matter of Powell* (1886), 5 Dem. (N. Y.) 281.

Any person named in the will as executor, failing to qualify within twenty days after the probate of the will, shall be deemed to have renounced such appointment. When this happens, the statute says "such letter shall issue to any other person named in the will, capable and willing to accept such trust." There are two residuary legatees other than the two who are named in the will as executors, and there is no claim that either of them was not both competent and willing to act.

In *Hays* v. *Vickery* (1873), 41 Ind. 583, one of the legatees named in the will as executor, by a common understanding among the persons interested in the estate, acted as executor and proceeded to make distribu-

tion of the personal property, without qualifying as executor. Later, two of the legatees, who were daughters of the testator, became dissatisfied with the manner in which the business was conducted, and, without consultation with the other legatees, and without notice to the one named in the will as executor, or to either of the other devisees or legatees, of any dissatisfaction or objection to the settlement without letters testamentary, procured the clerk in vacation to issue letters with the will annexed to the appellee Vickery, who was neither a creditor nor legatee under the will. The court, after calling attention to the fact that neither of the legatees or devisees had relinquished or waived any right to administer upon the estate, otherwise than by failing to qualify by the common understanding and consent of all the interested parties, held that, as between the parties to the agreement, the person named in the will as executor would not be deemed to have waived his rights to administration. On page 586, the court said: "If the daughters, or their husbands, were not satisfied with the understanding that the executor should act as such without taking out letters, good faith required that they should give notice of it before proceeding to procure letters of administration to some one else. Having acquiesced in his acting without qualifying as executor, and having induced him to delay taking out letters until after the time fixed by law, it was a fraud upon him and the appellants to undertake to deprive him of his rights without notice."

Appellee contends the Hays-Vickery case is not in point, because, as he says, one of his daughters, who is one of the specific legatees under the will, was a minor and consequently not bound by the agreement and understanding. The objections filed by the residuary legatees to the confirmation of appellee

does not disclose the age of any of the legatees. Appellee calls attention to the application of Clarence W. for letters of administration, wherein the names and ages of the heirs of the testator are given, and where one of appellee's children, who is also one of the legatees, is said to be twenty years of age. This application is no part of the objections to the confirmation of appellee and cannot be looked to in order to add to or detract from the facts stated in the written objections. The written objections charge that appellee as well as all of the legatees named in the will entered into negotiations with Clarence W. and John E. in connection with the settlement of the estate without the appointment of an executor and that thereafter, without consulting with any of the legatees, and without notice that he or his children were dissatisfied, procured the letters of administration without the knowledge or consent of the residuary legatees.

Appellee had notice and knowledge of the agreement between the residuary and specific legatees for a settlement of the estate without letters testamentary being issued. He and his children entered into negotiation with the two residuary legatees who were acting as agents in the settlement of the estate. Neither he nor his children made any objection to settling the estate in that manner. No notice was given that he or they were dissatisfied with the agreement. Appellee, having acquiesced in the settlement of the estate without administration, thus inducing those named as executors to delay taking out letters until after the date fixed by law, it was a fraud upon appellants for him to undertake to deprive them of their rights without notice. This is true without regard to the claim that one of the specific legatees was a minor.

Judgment reversed, with directions to overrule the demurrer to the objections, to sustain the objections and

to grant letters testamentary to Clarence W. Abbott upon his filing a proper bond.

Dausman, J., absent.