FORCUM-JAMES, INCORPORATED, *v.* JOHNSON.

[No. 17,308.  Filed March 12, 1945.  Rehearing denied
April 12, 1945.  Transfer denied May 21, 1945.]

*Ellis Deibel* and *Jonas G. Howard,* of Jeffersonville, for appellant.

*Allen, McElwain, Dinning & Clarke,* of Louisvile, Ky., and *Fox & Fox,* of Jeffersonville, for appellee.

FLANAGAN, J.—This is an action arising out of alleged negligence of a sub-contractor causing personal injuries to an employee of its general contractor. Verdict and judgment was for the appellee in the sum of $10,000.00.

Appellee brought the action by complaint which alleged that on June 3, 1941, he was engaged in performing his duties as shift operator for E. I. du Pont de Nemours & Company, the general contractor, in a building at the war production plant in Clark County, Indiana, commonly known as the Indiana Ordnance Works. That appellant, as a sub-contractor of appellee's employer, was engaged in certain excavation work, in the course of which it blasted rock with an explosive of such quantity that its force might reasonably be ex-

pected to blow rock a distance of 150 feet. That the building in which appellee was working was well within 150 feet and was so noisy that any warning signal that was given could not be heard. That in addition to the duties upon the appellant by reason of these facts, appellant was also required by the rules, directions and orders of the du Pont Company to give adequate warning of a blast by whistle system and also inspect and see that all persons within the danger zone were removed. That appellant negligently failed to warn appellee or give him any notice that an explosion was to take place but proceeded to set off the blast. That a 35-pound rock was blown into the air; that it descended through the roof of the building in which appellee was working, struck him on the head and caused him serious injury.

Appellant demurred to the complaint on the theory that the complaint shows that the du Pont Company retained such supervision and control over the manner and way of doing the work that appellant became an agent or employee rather than an independent contractor, and was therefore absolved from liability. We need not decide whether appellant would be absolved from liability if the alleged facts show it to be something other than an independent contractor, for no such facts are to be found in the complaint. The only facts alleged which could remotely bear on the question are that du Pont Company required appellant by "rules, directions and orders" to give certain warnings before blasting operations. This does not show supervision and control over the manner and way of doing the work.

Under its motion for a new trial appellant raises the same question on the facts as shown by the evidence.

But there is no evidence of the retention of supervision and control by the prime contractor. Appellant points out evidence that du Pont Company had certain safety rules which it was bound to follow; that it had to consult du Pont Company as to the time when a blast could be exploded; that du Pont loaned some of its employees to appellant to work under the supervision of appellant's powder foreman, and du Pont Company furnished an engineer to inspect the blast before it was exploded. But this is no evidence of retention of control and supervision of the manner and way of doing the work. On the contrary, the evidence clearly shows that at all times the blasting operation and clearing of the danger zone was under the complete and exclusive control of appellant through its powder foreman.

To appellee's complaint appellant filed a special answer which alleged that appellee and his employer, the du Pont Company, on June 17, 1941, entered into an agreement under the Indiana Workmen's Compensation Act by the terms of which appellee was to receive $16.50 per week during total disability, which agreement was approved by the Industrial Board. That pursuant to the agreement appellee received $202.74 and on September 5, 1941, executed a final receipt which disclosed that his total disability ended on September 4, 1941. That he thereby elected to claim compensation from his employer.

To this special answer appellee replied, admitting the facts pleaded therein but seeking to avoid their effect by allegation that the agreement for compensation was presented to him by the adjuster for du Pont's insurance carrier; that appellee has never been a resident of Indiana but has been a resident of Kentucky; that he has no legal training and was without knowl-

edge of the Indiana laws. That he inquired of the adjuster, who was a Kentucky lawyer, whether the acceptance of compensation would interfere with his right to sue appellant and was informed that it would not. That he relied upon this representation, signed the agreement and accepted the payments. That on October 10th the same adjuster came to him and informed him that he, the adjuster, had been mistaken as to the Indiana law, whereupon appellee returned the money he had received and the insurance carrier accepted the money and returned to him his receipts.

To this reply appellant addressed a demurrer for want of facts which was overruled. The facts alleged in the reply were proved on the trial. The demurrer to the reply and the motion for a new trial both present the question as to whether the facts alleged in the reply are sufficient.

Section 40-1213, Burns' 1940 Replacement, § 16389, Baldwin's 1934, reads as follows:

"Whenever an injury or death, for which compensation is payable under this act, shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, at his or their option, may claim compensation from the employer or proceed at law against such other person to recover damages or may proceed against the employer for compensation and against such other person to recover damages at the same time, but he or they shall not collect from both; and, if compensation is awarded and accepted under this act, the employer, having paid compensation or having become liable therefor, may collect in his own name or in the name of the injured employee, or, in case of death, in the name of his dependents, from the other person in whom legal liability for damages exists, the compensation paid or payable to the injured employee or his dependents."

This section of the statute was intended as a protection for the employer, not a negligent third party. Such third person is legally liable for the full amount of damages caused by his negligence or wrong. He has no concern with any agreements or payments between the employer and the employee so long as he is safe from double liability. *Weis* v. *Wakefield* (1942), 111 Ind. App. 106, 38 N. E. (2d) 303.

So in this case it is no concern of appellant that appellee and his employer once had an agreement under which compensation was paid. The fact is that at the time this action was filed the agreement to accept compensation had been rescinded and the money repaid. The reason why the agreement was rescinded and the money repaid is immaterial. The important fact is that neither the employer or his insurance carrier had a claim against appellant.

In both his written and oral argument appellant contended that the court erred in refusing to give its proffered instruction numbered 16. However, this specification of his motion for a new trial is not designated under his "Propositions, Points and Authorities" and therefore cannot be considered by us. Rule 2-17 (f), Rules of Supreme Court.

Judgment affirmed.

NOTE. Reported in 59 N. E. (2d) 730.