HALL v. PENNSYLVANIA GREYHOUND LINES ET AL.

[No. 18,074. Filed February 2, 1951. Rehearing denied March 16, 1951. Transfer denied May 3, 1951.]

220

*Strom & Spangler,* of Gary, for appellant.

*Bomberger, Morthland & Royce,* of Hammond, for appellees.

CRUMPACKER, J.—Prior to November 12, 1946, one Kenneth Wood was an employee of the appellant herein. On said day he died as a result of an accidental injury arising out of and in the course of such employment. He left a widow and infant child who were wholly

dependent upon him for support and, upon proper application to the Industrial Board of Indiana, they were awarded compensation agreeable to the provisions of the Workmen's Compensation Act, under which award they have accepted benefits. Alleging these facts and the further charge that Wood's death was due proximately to the carelessness and negligence of the appellee, the appellant filed complaint in his own name to recover from said appellee the amount of his liability to the Wood dependents under said Industrial Board award. The appellee demurred to this complaint on the theory that the cause of action pleaded is for wrongful death and therefore must be prosecuted in the name of the personal representative of the deceased. The demurrer was sustained and, upon the refusal of the appellant to plead further, the court entered judgment that he take nothing by reason of his complaint.

This appeal challenges the ruling on the demurrer only and the sole question presented may be stated thus: May an employer, who is liable under an accepted award of the Industrial Board for the payment of compensation to the dependents of a deceased employee, recover from a third party tort feasor in an action brought by the employer in his own name or must such action be brought by the personal representative of the deceased employee under the procedure prescribed by the wrongful death act? Burns' 1946 Replacement, § 2-404.

Sec. 13 of the Workmen's Compensation Act, being Burns' 1946 Replacement (1949 Supp.), § 40-1213, reads as follows:

"Whenever an injury or death, for which compensation is payable under this act, shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured em-

ployee, or his dependents, in case of death, at his or their option, may claim compensation from the employer or proceed at law against such other person to recover damages or may proceed against the employer for compensation and against such other person to recover damages at the same time, but he or they shall not collect from both; and, if compensation is awarded and accepted under this act, the employer, having paid compensation or having become liable therefor, may collect in his own name or in the name of the injured employee, or, in case of death, in the name of his dependents, from the other person in whom legal liability for damages exists, the compensation paid or payable to the injured employee or his dependents. In order to collect such compensation paid or payable to the injured employee or his dependents the employer may commence an action at law for such collection against the other person in whom legal liability for damage exists at any time within one (1) year after the acceptance of compensation awarded notwithstanding the provisions of any statute of limitations to the contrary."

It is settled law that this statute creates no new cause of action in any of the interested parties nor does it vest in them any additional rights. *Northern Indiana Power Company* v. *West, Admx.* (1941), 218 Ind. 321, 32 N. E. 2d 713; *Bebout* v. *F. L. Mendez & Company* (1941), 110 Ind. App. 28, 37 N. E. 2d 690. It leaves the dependents of a deceased employee with an action at law for damages against the third party tort feasor under the wrongful death statute or a claim for compensation against the employer under the Workmen's Compensation Act. They may pursue either or both remedies to a conclusion but may not accept benefits under both the judgment and the award. *Weis* v. *Wakefield* (1942), 111 Ind. App. 106, 38 N. E. 2d 303. If they seek relief against the third party tort feasor under the wrongful death statute their procedure must be agree-

able to the provisions of that statute, which requires that the action be brought by their personal representative. Such being the law, the appellee contends that the appellant in the present case, being the subrogated employer of Wood, has no greater rights than had Wood's dependents and as they must sue the third party tort feasor through their personal representative, so must the employer.

It is true the subrogated employer's cause of action against the tort feasor is identical with that of the dependents of the deceased employee. Perhaps it would be more accurate to say that it is the same cause of action which has been transferred, by operation of the statute, to the employer because he has made such dependents financially whole by the payment to them of appropriate compensation under the Workmen's Compensation Act. However, this does not mean that the legislature could not provide procedural changes in the prosecution of such cause of action when brought in the interest of the subrogee and thereby authorizing the institution and maintenance of suit in the subrogated employer's own name. We find no decision in Indiana that specifically holds the subrogation statute under consideration does not do so.

In *Northern Indiana Power Co.* v. *West, Admx., supra,* upon which the appellee counts so heavily, one Harry O. West was killed in an accident arising out of and in the course of his employment by the Northern Indiana Telephone Company. He was survived by a widow and nine minor children who were wholly dependent upon him for support. The widow, as administratrix of her deceased husband's estate, brought suit for the benefit of herself and children against the Northern Indiana Power Company on the theory that her husband's death was proximately caused by its negligence. While such suit was pending, the widow,

joining with her children, made claim against her husband's employer before the Industrial Board for death benefits under the Workmen's Compensation Act and was awarded appropriate compensation. Such compensation was not paid but the Traveler's Insurance Company, which carried the employer's risk, brought suit against the power company to recover the money for which it was made liable by the Industrial Board's award. This latter action was still pending when the court, in the wrongful death action, was called upon to determine whether the widow and children, through the personal representative of the deceased, or the subrogated employer's insurance carrier was the real party in interest. The court held that the subrogation statute created no new or different cause of action and, as an acceptance of the award made under the Workmen's Compensation Act must occur before the employer or its insurer may sue for subrogation, such award was no bar to the suit for wrongful death and in the absence of such acceptance the widow and children of the deceased, through his administratrix, were the real parties in interest. Nowhere does the court intimate that had there been an acceptance of the award, it would have been necessary to bring the subrogation suit in the name of the deceased's personal representative. To have so declared would, of course, have been pure *obiter*.

It should be borne in mind that the subrogation provisions of the Workmen's Compensation Act were enacted for the benefit and protection of the employer. It is no concern of the tort feasor by whom recovery is had provided that whatever judgment is rendered is a bar to any further recovery against him for the same tort. *Weis* v. *Wakefield, supra; Forcum-James, Inc.* v. *Johnson* (1945), 115 Ind. App. 655, 59 N. E. 2d 730. The statute is remedial

in nature and should be liberally construed to the end that the whole remedy intended may be afforded and all its purposes be accomplished. *Toledo, etc., R. Co.* v. *Bond* (1905), 35 Ind. App. 142, 72 N. E. 647. Its purpose is clear. It is designed to enable an employer, who has paid compensation under the provisions of the Workmen's Compensation Act to an employee, or his dependents in case of death, to recover the amount of such compensation from a third party tort feasor whose negligence is the proximate cause of the injury suffered by said employee. It is proper to say, we think, that where compensation under an Industrial Board award has been accepted by the beneficiaries thereof, the statute operates as an assignment of the cause of action against the tort feasor from the employee, and in case of death from the employee's personal representative, to the employer, which carries with it the right to maintain the action. *Aetna Life Insurance Co.* v. *Moses* (1932), 287 U. S. 530, 544. The ready and easy enforcement of this remedy should not be impeded by a circuitous method of procedure in the name of someone who is neither the real party in interest nor the representative of the real party in interest unless the statute clearly indicates that such was the intention of the legislature. The statute specifically provides: (1) In case of the death of the employee the employer may collect "in the name of his dependents" from the third party tort feasor; and (2) in order to collect "the *employer* (our emphasis) may commence an action at law . . . within one (1) year after the acceptance of compensation awarded notwithstanding the provisions of the statute of limitations to the contrary." To us this clearly indicates an intention on the part of the legislature to take the right to sue on a subrogated death claim away from the personal representative of the deceased, whose dependents are

no longer interested in it, and to set up a new procedure for its enforcement against the wrongdoer.

A strict construction of the statute might justify the conclusion that the provision, indicated above as (2), merely sets up a new period of limitation on the action and the employer is nevertheless required to maintain the same in the name of the deceased employee's dependents. A liberal construction, which we are bound to indulge, would seem to permit the employer to bring and maintain the suit in his own name. It is not apparent to us how the rights of anyone can be prejudiced by such a construction of the statute nor will it subject the wrongdoer to the peril of being compelled to pay the claim or defend it more than once and that, in our opinion, is the limit of his concern.

Judgment reversed and cause remanded with instructions to overrule the appellee's demurrer to the complaint.

NOTE.—Reported in 96 N. E. 2d 348.