**KELLEY v. GIRDLER CORP., Inc.**

**No. 10918.**

United States Court of Appeals
Seventh Circuit.

Nov. 5, 1953.

**704**

Jack H. Mankin and Lee L. Criss, Terre Haute, Ind., for appellant.

James V. Donadio, Indianapolis, Ind., Stanley E. Stohr, Terre Haute, Ind., Geoffrey Segar, Indianapolis, Ind., Ross, McCord, Ice & Miller, Indianapolis, Ind., Mann, Stohr & Mann, Terre Haute, Ind., of counsel, for appellee.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This is an appeal from a judgment of the District Court dismissing the plaintiff's complaint on the ground that the action is barred by the limitation provision contained in Section 13 of the Indiana Workmen's Compensation Act, Burns' Ind.Stats.Ann., Sec. 40–1213 (1952 Repl.).

The complaint alleges that the plaintiff, Pearl E. Kelley, while acting within the scope of his employment by the Jamar-Olmen Company (which is not a party to this action) on a construction project in Vermillion County, Indiana, sustained injuries resulting from the negligent acts of the defendant, The Girdler Corporation, Inc. Diversity in the citizenship of the parties and the requisite amount in controversy are alleged.

The injuries complained of are said to have occurred on January 6, 1952, and it is not contended that the cause of action did not accrue on that date. The complaint was filed on December 11, 1952, more than eleven months later. The Indiana statute generally governing the limitation of actions provides that suits for personal injuries shall be commenced within two years after the cause of action has accrued. Burns' Ind.Stats. Ann. Sec. 2–602 (Cum.Supp.1953). This action, of course, was commenced well within two years from the date the claim accrued.

However, it is not disputed that the injuries here complained of were compensable under the Indiana Workmen's Compensation Act. That being the case, and if, as the plaintiff alleges, the circumstances created in some person other than his employer a legal liability to pay damages, the plaintiff was entitled, in accordance with the provisions of Section 13 of the Act, to bring an action against such other person to recover for his injuries despite his employer's payment of or liability to pay compensation under the Act. This the plaintiff has done. But Section 13 further provides, in part:

"If said employee * * * shall fail to institute legal proceedings against such other person for damages within six (6) months after said cause of action accrues * * the right of said * * * [employee] to proceed against said other person shall be forever barred * * *."

It then states that after the employee's right has thus terminated, the employer may within one year proceed against such other person to collect the compensation and expenses paid or payable by the employer.

We find no reported decision of the Indiana courts construing this limitation provision, which was included in a 1951 amendment to the Act. But the language quoted from is unequivocal, and it can only lead to the conclusion that the District Court was correct in dismissing the plaintiff's action. Concededly, the claim lay dormant for more than eleven months after it had accrued, whereas the statute clearly states that after six months the right to proceed shall be barred.

The plaintiff contends that the provisions of the Workmen's Compensation Act have no application to this ac-

tion, based as it is on the theory of ordinary common law negligence, and that, therefore, the two year statute is the governing limitation provision. The short answer to this contention is that both plaintiff and defendant, by their failure to reject, have elected to operate under and be bound by the Indiana Workmen's Compensation Act. Burns' Ind.Stats.Ann. Sec. 40–1202 (1952 Repl.); Warren v. Indiana Telephone Co., 217 Ind. 93, 26 N.E.2d 399; Pearson v. Rogers Galvanizing Co., 115 Ind.App. 426, 59 N.E.2d 364. Such an election applies to all of the provisions of the Act, including the limitation on the time within which the employee may bring an action against a third person.

The cases relied on by the plaintiff, without exception, involve situations antedating the 1951 amendment to the Act, and they concern problems wholly foreign to the question which we are here considering. Under Section 13 of the Act prior to 1951, an employee who sustained a compensable injury through the negligence of a third party could, at his option, claim compensation from his employer or file an action at law against the negligent third party for damages, but he could not collect from both. Accordingly, a question which frequently arose was whether the injured employee had elected to collect compensation so as to bar an action by him against the negligent third party. In New York Central Railroad Co. v. Milhiser, Ind.Sup., 106 N.E.2d 453, supplemental opinion, Ind. Sup., 108 N.E.2d 57 on which the plaintiff principally relies, the Indiana court held simply that the acceptance of workmen's compensation under the law of another state, Ohio, did not bar the plaintiff's third party action under Section 13 of the Indiana Act, because the Indiana Act covers only *Indiana* employers and their employees. Similarly, the question in Forcum-James, Inc., v. Johnson, 115 Ind.App. 655, 59 N.E.2d 730, and in Weis v. Wakefield, 111 Ind.App. 106, 38 N.E.2d 303, was whether there had been an election by the plaintiff to collect compensation which would con-

stitute a bar to his third party action. Nothing which the court said in the cases relied on by the plaintiff is decisive of the question in the instant case.

 We are concerned here only with Section 13 of the Act as it was amended in 1951. That amendment abolished the election requirement, and imposed a six months' limitation period on third party actions by the injured employee. This the legislature had the power to do, Sherfey v. City of Brazil, 213 Ind. 493, 13 N.E.2d 568, 574, and we must give effect to its clearly stated intent. Cain v. Staley Mfg. Co., 97 Ind.App. 235, 240, 186 N.E. 265, 266. Limitation provisions of a like nature are contained in the Workmen's Compensation Laws of other states, and they have been held valid and binding under similar circumstances. See Elam v. Bruenger, 165 Kan. 31, 193 P.2d 225; Taylor v. New York Central R. Co., 294 N.Y. 397, 62 N.E.2d 777.

The judgment of the District Court is Affirmed.