LEWIS *v.* SHEA, ADMINISTRATOR, ETC.

[No. 19,891. Filed February 18, 1964. Rehearing denied March 5, 1964. Transfer denied June 11, 1964.]

*Lawrence McTurnan, Bredell, Cooper & Martin,* of counsel, both of Indianapolis, *Frederick E. Eichhorn, Jr.,* and *Gavit & Eichhorn,* of counsel, of Gary, for appellant.

*Philip M. Cagen,* of Valparaiso, for appellee.

PFAFF, J.—This action grew out of a suit brought by appellee Edward T. Shea, Administrator of the Estate of Samuel N. Bloch, Deceased, against appellant Samuel Lewis, for damages for the wrongful death of Samuel N. Bloch alleged to have resulted from a collision of two automobiles on May 22, 1951. The appellee instituted this action on November 20, 1951, basing his claim for damages against the appellant, Samuel Lewis, on the grounds that the death of appellee's decedent was proximately caused by the appellant's negligence and that the decedent left surviving him his widow, Mauri L. Bloch, who was entirely dependent upon him for support.

At the time of the accident in which Samuel N. Bloch was killed, he was acting in the scope of his employment as a salesman with the Gary Wine and Liquor Corporation. Subsequent to the filing of this action by the appellee, Mauri L. Bloch, the widow of Samuel N. Bloch, made a claim before the Industrial Board of Indiana against the Gary Wine and Liquor Corporation for workmen's compensation benefits due her as the widow of Samuel N. Bloch. An award was made to her of benefits due as a result of her husband's death, which, the Board held, had resulted from an accident arising out of and in the course of his employment. The payments under this award, totaling $9,750.00, were made by the Maryland Casualty Insurance Company under a workmen's compensation insurance policy carried by the Gary Wine and Liquor

Corporation. The last payment by Maryland Casualty Insurance Company was made on May 5, 1957.

On September 19, 1961, the complaint was amended by the addition of a new rhetorical paragraph 1(a) by which it was alleged that this action was being maintained in the name of Edward T. Shea, Administrator of the Estate of Samuel N. Bloch, deceased, by and for the use and benefit of the Maryland Casualty Company, subrogee, pursuant to §40-1213, Burns' 1952 Replacement. The defendant, appellant herein, objected to the amendment and when the objection was overruled, moved to strike this rhetorical paragraph on the grounds that said paragraph attempted to make the Maryland Casualty Company a plaintiff when said company was not a party to this action at its inception, and on the further grounds that the language was surplusage and prejudicial to the appellant. This motion to strike was overruled.

Thereafter, the appellant filed a demurrer to the complaint as amended, by which it was contended that a personal representative had no authority to maintain an action for an insurance company, and that under the applicable Workmen's Compensation Act that an employer or his insurance company seeking subrogation was required to sue in the name of the company or in the name of the dependents of the deceased employee. It was also contended by the demurrer that the amended complaint constituted a departure from the original theory of complaint in that it was not really an amendment but a statement of a new cause of action after the statute of limitations had run, and that the complaint on its face did not show wherein the Maryland Casualty Company had any interest or claim against the appellant. This demurrer was overruled and the appellants filed their answer.

Thereafter, appellee's evidence was heard, at the end of which appellant moved for a "Finding at the Close of Plaintiff's Evidence", which motion was overruled. After all the evidence was in, the court made a finding for the plaintiff-appellee.

The appellant alleges three assignments of error. Under assignment of error No. 1 appellant urges four causes for new trial, which are as follows:

1. The court erred in overruling the defendant's motion to strike paragraph 1(a) of appellee's complaint as amended September 19, 1961.

2. The court erred in overruling the appellant's demurrer to the appellee's complaint as amended September 19, 1961.

3. The court erred in overruling the appellant's motion for a finding in favor of the appellee filed in this cause at the close of appellee's evidence.

4. The decision of the court is contrary to law.

Under assignment of error No. 2 appellant urges that the court erred in overruling appellant's demurrer to the appellee's complaint as amended September 19, 1961.

Under assignment of error No. 3 appellant urges that the court did not have jurisdiction of the subject matter.

This case presents the basic question of whether an administrator of a decedent's estate can continue for the use of an insurance company an action commenced for the wrongful death of a decedent, once the widow of the decedent has collected workmen's compensation benefits for said death.

It is the law of this state that the powers of an administrator of a decedent's estate are those which

he derives from statute. The administrator has no general powers beyond those necessary to carry out those powers expressly conferred upon him. 13 I. L. E., *Executors and Administrators*, §3, ch. 1, p. 377. See also *Hayes* v. *Shirk* (1906), 167 Ind. 569, 78 N. E. 653; *Abbott* v. *Appleton* (1927), 86 Ind. App. 607, 159 N. E. 167; and *McKinstry* v. *Russell* (1943), 114 Ind. App. 27, 49 N. E. 2d 349, in support of this proposition.

In view of this rule of law, it is necessary for this court to search the various statutes pertaining to the powers of an administrator in order to determine if the administrator here in question may sue in behalf of the insurance company.

At the time of the death of Samuel N. Bloch, a personal representative was authorized by statute to bring an action for wrongful death. The applicable statute which existed at the time of the death of Samuel N. Bloch is found in §2-404, Burns' 1946 Replacement, and provides as follows:

"When the death of one is caused by the wrongful act or omission of another, the personal representative of the former may maintain an action therefor against the latter, if the former might have maintained an action had he or she (as the case may be) lived, against the latter for an injury for the same act or omission. When the death of one is caused by the wrongful act or omission of another, the action shall be commenced by the personal representative of the decedent within two (2) years, and the damages can not exceed ten thousand dollars ($10,000), and subject to the provisions of this act, shall inure to the exclusive benefit of the widow or widower, as the case may be, and to the dependent children, if any, or dependent next of kin, to be distributed in the same manner as the personal property of the deceased. If such decedent depart this life leaving

no such widow or widower, or dependent children or dependent next of kin, surviving her or him, the damages shall inure to the exclusive benefit of the person or persons furnishing hospitalization or hospital services in connection with the last illness or injury of the decedent, not exceeding three hundred dollars ($300); performing medical or surgical services in connection with the last illness or injury of the decedent, not exceeding three hundred dollars ($300); to the undertaker for the funeral and burial expenses, not exceeding three hundred dollars ($300); and to the personal representative, as such, for the costs and expenses of administering the estate and prosecuting or compromising the action, including a reasonable attorney's fee, not exceeding two hundred and fifty dollars ($250); and in case of a death under such circumstances, and when such decedent leaves no such widow, widower, or dependent children, or dependent next of kin, surviving him or her, the measure of damages to be recovered shall be the total of the reasonable value of such hospitalization or hospital service, medical and surgical services, such funeral expenses, and such costs and expenses of administration, including attorney. fees, not exceeding the total amount of eleven hundred and fifty dollars ($1,150). Nothing contained in this act shall in any way limit or lessen the liability or right of recovery under the law as it existed prior to the passage of this act."

The recovery authorized by the Wrongful Death Act was limited by the Indiana Workmen's Compensation Act, as it existed at the time of the death of Samuel N. Bloch, which provided in substance that the collection by an employee, or in the event of his death, by his dependents, was a bar to further proceedings by such persons against a third party tort feasor. *Robbins* v. *Nat. Veneer & Lumber Co.* (1950), 120 Ind. App. 213, 88 N. E. 2d 773; *Pittsburgh, etc., R. Co.* v. *Parker* (1922), 191 Ind. 686, 132 N. E. 372, 134 N. E. 890. This portion of the Workmen's Compensation Act as

it then existed is set forth in the Acts of 1945, ch. 188, §4, p. 585, which reads as follows:

"Whenever an injury or death, for which compensation is payable under this act, shall have been sustained under circumstances creating in some other person than the employer a legal liability to pay damages in respect thereto, the injured employee, or his dependents, in case of death, at his or their option, may claim compensation from the employer or proceed at law against such other person to recover damages or may proceed against the employer for compensation and against such other person to recover damages at the same time, but he or they shall not collect from both; and, if compensation is awarded and accepted under this act, the employer, having paid compensation or having become liable therefor, may collect in his own name or in the name of the injured employee, or, in case of death, in the name of his dependents, from the other person in whom legal liability for damages exists, the compensation paid or payable to the injured employee or his dependents. In order to collect such compensation paid or payable to the injured employee or his dependents the employer may commence an action at law for such collection against the other person in whom legal liability for damage exists at any time within one year after the acceptance of compensation awarded notwithstanding the provisions of any statute of limitations to the contrary."

A careful examination of this Act fails to disclose that an employer, or the insurance carrier for the employer, has the right to maintain an action under the Wrongful Death Statute with the personal representative acting as plaintiff. The Act provides that the employer, having paid compensation or having become liable therefor, may collect in his own name or in the name of the injured employee, or, in the case of death,

in the name of his dependents, from the other person in whom legal liability for damage exists.

The language of this Act clearly seems to indicate the intent of the legislature to take the right to sue on a subrogated death claim away from the personal representative. This interpretation is not without authority for it is stated in the case of *Hall* v. *Pa. Greyhound Lines* (1951), 121 Ind. App. 219, 226, 96 N. E. 2d 348, wherein this court referred to this same provision of the Act:

" . . . The statute specifically provides: (1) In case of the death of the employee the employer may collect 'in the name of his dependents' from the third party tort feasor; and (2) in order to collect 'the *employer* may commence an action at law . . . within one (1) year after the acceptance of compensation awarded notwithstanding the provisions of the statute of limitations to the contrary.' To us this clearly indicates an intention on the part of the legislature to take the right to sue on a subrogated death claim away from the personal representative of the deceased, whose dependents are no longer interested in it, and to set up a new procedure for its enforcement against the wrongdoer."

In view of the statutes and authority herein considered, it is the opinion of this court that the herein named administrator could not in this action pursue an action for the benefit of the referred to subrogee insurance company.

Therefore, the judgment of the lower court is reversed and the case remanded for proceedings in accordance with the decision herein rendered.

Hunter, P. J., and Kelley and Mote, JJ., concur.

NOTE.—Reported in 196 N. E. 2d 297.